**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF MISSOURI WESTERN DIVISION**

| | | |
|---|---|---|
| ANDREW MCGUIRE,<br><br>Plaintiff,<br><br>v.<br><br>QUINTON LUCAS, IN HIS OFFICIAL AND INDIVIDUAL CAPACITIES; et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Case No. 4:25-cv-00090-RK |

**ORDER TO SHOW CAUSE**

On May 1, 2025. the Court granted Plaintiff's motion for leave to proceed *in forma pauperis* and, pursuant to the Court's screening review under 28 U.S.C. § 1915(e)(2)(B), dismissed all but two of Plaintiff's claims asserted in the operative complaint. (Doc. 16.) Pending before the Court are several motions to dismiss filed by various defendants. (Docs. 27, 51, 56, 71.) Plaintiff's primary response was what the Court construed as a motion for leave to file a second amended complaint. (Docs. 57, 58.) On July 29, 2025, the Court denied without prejudice Plaintiff's pro se motion for leave to file a second amended complaint because the Court was "unable to discern with sufficient clarity which specific legal claims Plaintiff seeks to assert against which defendant or defendants, and the specific factual allegations supporting each claim against each defendant." (Doc. 69 at 2.) Accordingly, the Court ordered that

> on or before August 22, 2025, Plaintiff shall file a more definite statement in the form of a proposed second amended complaint that clearly and concisely articulates which claims he seeks to assert against which defendant or defendants in accordance with Rules 8 and 10 of the Federal Rules of Civil Procedure. In doing so, the Court instructs Plaintiff as follows: <u>First, each "Count" should assert a single legal claim. Second, each "Count" should specifically identify by name which defendant or defendants against whom the legal claim is being asserted (i.e., should not use a general category such as "defendants" or "KCPD officers," etc., but should individually name each defendant against whom the specific legal claim is asserted). Third, and finally, each "Count" should clearly and concisely state the facts that support the legal claim against each specified defendant and the relief sought.</u>

(*Id.* at 3 (footnote 2 omitted, referring Plaintiff to the format used in his initial complaint and first amended complaint).) To date, Plaintiff has not submitted the required second amended complaint in accordance with the Court's prior order.[1]

Accordingly, at this juncture, the Court **ORDERS** that Plaintiff (1) **show cause** why he failed to timely file the new proposed second amended complaint as required by the Court's July 29, 2025 Order which was due by August 22, 2025, **and** (2) **file** the required new proposed second amended complaint that complies with the Court's instructions set out in the July 29, 2025 Order. Plaintiff's show-cause response **and** new proposed second amended complaint are due on or before **September 8, 2025**. Plaintiff's failure to respond or to both show-cause why he failed to timely file the required new proposed amended complaint and file the required new proposed second amended complaint may result in the dismissal of this case for failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure without further notice.

The Clerk of Court is directed to mail a copy of this Order to Plaintiff's address on file, (Doc. 20):

Andrew McGuire
3404 SW Shunga View Ct.
Topeka, KS 66610

**IT IS SO ORDERED**.

s/ Roseann A. Ketchmark
ROSEANN A. KETCHMARK, JUDGE
UNITED STATES DISTRICT COURT

DATED: August 27, 2025

[1] Instead, on August 18, 2025, four days prior to when the new proposed second amended complaint was due, Plaintiff submitted a response to Defendants McCunniff, Morris, Oatis, Thierry, Tomasic, and Yocum's motion to dismiss, which Plaintiff indicated was a "consolidated response . . . intended to preserve Plaintiff's opposition to **each and every pending or forthcoming motion to dismiss**" and which referenced Plaintiff's prior motion "to file a Second Amended Complaint," (Doc. 73), as well as a certificate of service for discovery requests, (Doc. 74).